NOT FOR PUBLICATION

FILED

MAY 14 2025

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS ALTSCHULER,

      Plaintiff - Appellant,

v.

CHUBB NATIONAL INSURANCE
COMPANY, an Indiana corporation,

      Defendant - Appellee.

No. 24-2986

D.C. No.
4:21-cv-00119-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted May 12, 2025[**]
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Douglas Altschuler (Altschuler) appeals the district court's grant of

summary judgment in favor of Chubb National Insurance Company (Chubb) on

Altschuler's action against Chubb for denial of Altschuler's insurance claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lost or stolen artwork.  Reviewing *de novo*, we affirm.  *See Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019).

**1.**  The district court correctly granted summary judgment in favor of Chubb on Altschuler's breach of contract claim because Altschuler did not raise a material question of fact that he owned the artwork insured by Chubb.  Altschuler's most recent policy with Chubb described the artwork as "ANDY WARHOL AND KEITH HARING ANDY MOUSE, 1986 COLOR SILKSCREENS EDITION OF 30 38 X 38 INCHES."  To support an increase in the covered value of the silkscreens to $1,500,000, Altschuler previously submitted a statement appraising "Edition number . . . 3/30" of the Andy Mouse silkscreens at $1,500,000.  Altschuler "expected Chubb to rely on the information that was . . . provided in the appraisal."  As expected, the confirmation of insurance, following the appraisal, noted that the "amend[ed] value" of the "Andy Warhol and Keith Haring Andy Mouse, 1986 Color Silkscreens Edition of 3/30, 38 x 38 inches" was increased from $250,000 to $1,500,000 "[p]er attached appraisal."

Although the appraisal submitted to Chubb was for an "Edition of 30," and Altschuler's sworn proof of loss stated that he was insured for an "Edition of 30" of the silkscreens, Altschuler ultimately conceded that he could not have owned "Edition 3 of 30" because the set had been "for sale in multiple markets in multiple parts," and similarly conceded that he had traded away the only numbered set he

2                                                    24-2986

did own.  Thus, it was undisputed that Altschuler "had no ownership interest in Set 3 of 30 . . . of the Andy Mouse sets" at the time of the alleged theft.  Because Altschuler was unable to demonstrate ownership of the silkscreens insured by Chubb, summary judgment was warranted in favor of Chubb on Altschuler's breach of contract claim.  *See Associated Aviation Underwriters v. Wood*, 98 P.3d 572, 595 (Ariz. Ct. App. 2004) (recognizing that "the insured bears the burden to establish coverage under an insuring clause") (citation omitted).[1]

**2.**  The district court committed no error in granting summary judgment in favor of Chubb on Altschuler's bad faith and punitive damages claims because there were legitimate reasons for Chubb to question Altschuler's ownership of the insured silkscreens.  *See State Farm Auto. Ins. Co. v. Orlando*, 535 P.3d 57, 62 (Ariz. Ct. App. 2023), *as amended* (stating that, for a bad faith claim, the insured must "present sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable") (citation and internal quotation marks omitted).  Importantly, Altschuler failed to raise a material factual or legal question that Chubb engaged in

---

[1]  We do not address Altschuler's "mend-the-hold" argument because Altschuler failed to establish that Arizona courts apply the doctrine in the insurance context. *See Street Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 609 n.6 (9th Cir. 2014), *as amended*.

"oppressive, outrageous *or* intolerable" conduct during the course of its claims investigation. *Sobieski v. Am. Standard Ins. Co. of Wis.*, 382 P.3d 89, 94 (Ariz. Ct. App. 2016) (citation omitted); *see also Centerpoint Mech. Lien Claims, LLC v. Commonwealth Land Title Ins. Co.*, 530 P.3d 1151, 1164 (Ariz. Ct. App. 2024) (explaining that "[b]ad faith occurs when an insurance company intentionally, without a reasonable basis for doing so, delays or fails to pay a claim") (citation omitted).[2]

**AFFIRMED.**

---

[2]  Because we affirm based on Altschuler's lack of ownership of the artwork, we need not and do not address any alternative bases for denial of Altschuler's insurance claim.

24-2986